1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

11 CHRISTOPHER RENFRO,                    Case No.: 1:19-cv-00007-AWI-EPG

12          Petitioner,                  **FINDINGS AND RECOMMENDATIONS**
                                          **RECOMMENDING DENIAL OF PETITION**
13      v.                               **FOR WRIT OF MANDAMUS**

14 SOCIAL SECURITY ADMINISTRATION,        (ECF No. 1)
   *et al.*,
15          Respondents.                  **TWENTY-ONE (21) DAY DEADLINE**

16

17

18 **I.    INTRODUCTION**

19        Christopher Renfro ("Petitioner") is appearing *pro se* and *in forma pauperis* in this proceeding

20 pursuant to 28 U.S.C. § 1361.  On January 2, 2019, Petitioner commenced this proceeding by filing a

21 petition for writ of mandamus.  (ECF No. 1.) Petitioner seeks an order directing the Social Security

22 Administration ("SSA"), and Ms. Escalante and Omar Bin Laden,[1] employees of the SSA,

23 (collectively, "Respondents") to provide him access to the file concerning his application for social

24 security disability benefits. Id. Petitioner also requests an order mandating that employees of the SSA

25 must provide their name and identification to social security applicants. Id.

26

27 ─────────────────────

28 [1] It is unclear whether respondent's name is Omar Bin Laden or if "Bin Laden" is meant to be a derogatory term. Petitioner identifies the respondent as "Omar Bin Laden" in the case caption, but states that respondent is a "Middle Eastern Male Supervisor only known as 'Omar Doe'" in the statement of the case. As respondent is referred to as Omar Bin Laden in the case caption and on the docket, the Court will continue to refer to the respondent as such.

1

The petition is now before the Court for screening. The Court has reviewed the petition, and finds that Petitioner fails to allege a cognizable claim for relief. Petitioner's claim for mandamus relief is not clear and certain because Petitioner failed to follow the procedures of the SSA. Accordingly, the Court recommends denial of the petition for writ of mandamus.

## II.    SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a complaint brought *in forma pauperis* to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a [party] who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. Id. An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The petitioner must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 663 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, Hosp. Bldg. Co. v. Trs. of Rex Hospital, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the petitioner, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the petitioner's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Pleadings of *pro se* petitioners "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

\\\

### III.    PETITIONER'S ALLEGATIONS

Petitioner alleges that he filed an application for Supplemental Security Income ("SSI") after being injured at his employment.  (ECF No. 1 at 7.) Ms. Escalante, Ms. Morales, and Omar Bin Laden were assigned as Petitioner's case workers.  Id.

Petitioner's application for SSI was denied by the SSA in October 2018. Id. Petitioner was told to file a petition for reconsideration of this initial determination and to supply information to the file that would change the board's decision.  Id. at 8.  Petitioner's case workers denied Petitioner access to his file containing the medical records, notes and procedures that were used to determine his case. Id. at 7-8.  Ms. Morales told Petitioner that she processes information in the file, but cannot release information in the file.  Id. at 7.  Ms. Escalante stated that Petitioner must make a request in writing or have an attorney issue a request and the attorney can review the documents, but Petitioner may not. Id. at 7. Mr. Bin Laden agreed with Ms. Escalante.  Id. at 7.

Petitioner alleges he has exhausted his administrative remedies and now requests a writ of mandamus so he may view his file.  Petitioner believes he is entitled to review the record and documents used to make the initial determination, so he may properly file a petition for reconsideration.

Petitioner also requests that the court mandate that SSA employees provide their names and identification so that applicants can identify employees in legal proceedings.

### IV.    DISCUSSION

#### A.  LEGAL STANDARD

District courts have original jurisdiction of mandamus actions to compel an officer, employee, or agency of the United States to perform a duty owed to a petitioner. 28 U.S.C. § 1361.  The Ninth Circuit has held that mandamus relief is an extraordinary remedy that may be granted only when (1) the petitioner's claim is clear and certain, (2) the duty is ministerial and so plainly prescribed as to be free from doubt, and (3) there are no alternative adequate remedies available.  Oregon Natural Resources Council v. Harrell, 52 F.3d 1499, 1508 (9th Cir. 1995); Fallini v. Hodel, 783 F.2d 1343, 1345 (9th Cir. 1986).

\\\

Petitioner must allege facts to support each element. <u>Stang v. Internal Revenue Serv.</u>, 788 F.2d 564, 565 (9th Cir. 1986). Furthermore, even if all three elements are satisfied, trial courts have discretion to grant or deny the requested relief. <u>Oregon Natural Resources Council</u>, 52 F.3d at 1508; <u>Fallini</u>, 783 F.2d at 1345.

## B. ANALYSIS

Petitioner fails to allege facts demonstrating a clear and certain claim for mandamus relief. Pursuant to 20 C.F.R. §§ 416.1407 and 416.1409(a), a person who is dissatisfied with the initial determination of his application for social security benefits may make a written request for reconsideration within sixty days after being notified of the original determination. Reconsideration is provided through a case review. 20 C.F.R. § 416.1413. Each party to the reconsideration is given an opportunity to review the evidence in the files and present oral and written evidence. 20 C.F.R. §416.1413(a).

Petitioner alleges that he submitted a written request to review the evidence in his file before he submitted a request for reconsideration. Petitioner argues that to simply disagree with a denial and file a motion for reconsideration before reviewing his file would be vexatious. (ECF No. 1 at 9.) However, § 416.1413 makes clear that an applicant must submit a motion for reconsideration before he can request to review his file: "If you request reconsideration, we will give you a chance to present your case. . . . We will give you and the other parties to the reconsideration an opportunity to review the evidence in our files and then to present oral and written evidence to us." Petitioner did not follow this procedure. Instead, Petitioner states that he submitted a request prior to moving for reconsideration on the denial of the initial determination. (ECF No. 1 at 9, 12, 29.) Thus, Petitioner has failed to demonstrate a clear and certain claim for mandamus relief.

Petitioner also fails to identify any legal authority by which the court may mandate employees to provide their names and identification to social security disability applicants. Petitioner fails to demonstrate that SSA employees owe any duty to Petitioner to provide him with their name and identification. Thus, Petitioner has failed to demonstrate entitlement to mandamus relief.[2]

---

[2] The Court notes that the failure to obtain identifying information of a potential respondent in a legal proceeding does not preclude the petitioner from commencing the legal proceeding, if they are warranted. A plaintiff who does not know the identity of a potential defendant can file a lawsuit listing the unknown defendant as "John Doe" or "Jane Doe" and later

Accordingly, the application for writ of mandamus should be denied.

## V. CONCLUSION AND RECOMMENDATIONS

The Court finds that petitioner fails to allege a cognizable claim for mandamus relief. The Court , therefore, recommends denial of the petition for writ of mandamus. The Court does not recommend granting further leave to amend because Petitioner has amply stated the factual basis for his claim, and further leave to amend appears to be futile.

Accordingly, the Court HEREBY RECOMMENDS that:

1.   The petition for writ of mandamus be denied; and

2.   The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these findings and recommendations, Petitioner may file written objections with the court.  Such a document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**March 15, 2019**__                    ____/s/ Erica P. Grosjean____

UNITED STATES MAGISTRATE JUDGE

---

obtain discovery in the lawsuit regarding the identity of the unknown defendant. *See Gillespie v. Civiletti*, 629 F.2d 637 (9th Cir. 1980) ("[W]here the identity of the alleged defendant[ ][is] not [ ] known prior to the filing of a complaint[,] the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.").